IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| OLVIN ALEXANDER ENAMORADO-RUBIO, | * * * * | |
| Petitioner, | * * | Civ. No.: MJM-26-213 |
| v. | * * | |
| PAMELA BONDI, *et al.*, | * * | |
| Respondents. | * * | |

## ORDER

Petitioner Olvin Alexander Enamorado-Rubio ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 17, 2026. ECF No. 1. Petitioner alleges that (1) he is a citizen and national of Honduras who has been present in the United States without inspection since 2018; (2) he "has built a life in the community[,]" is married, has a four-year-old son, is planning to adopt a four-year-old daughter , "is the sole provider for his family[,]" and regularly conducts family activities with his family; and (3) on January 14, 2026, unidentified officers believed to be with U.S. Immigration & Customs Enforcement ("ICE") arrested Petitioner without a warrant, transferred him to a holding room in Baltimore, Maryland, and detained him. ECF No. 1 at 11–12. The petition asserts that Petitioner's arrest and detention by ICE violate his rights under the Due Process Clause of the Fifth Amendment and his right against cruel and unusual punishment under the Eighth Amendment. *Id.* at 12–16. He seeks a bond hearing or release from custody if a timely bond hearing is not held, and other relief. *Id.* at 16. The Court directed counsel for the parties to confer and file a joint status report by January 22, 2026. ECF No. 6.

On January 22, 2026, the parties filed a joint notice and status report stipulating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Sanchez-Perez v. Noem, et al.*, 26-cv-00063-MJM, ECF No. 8 and *Villanueva Funes v. Noem*, No. 25-cv-03860-TDC, ECF Nos. 13, 14." ECF No. 7 at 1.

In *Sanchez-Perez*, I granted a TRO directing the respondents to make an initial determination regarding the petitioner's bond or detention and, if bond is denied, to arrange for the petitioner to receive a bond hearing before an immigration judge. *See* Civ. No. MJM-26-63, ECF No. 8. There was no dispute that (1) Mr. Sanchez-Perez, a citizen and national of Guatemala, had been living in the United States for more than 20 years; (2) he is a father to four minor children, who have received his financial, emotional, and psychological support; and (3) he was arrested by ICE in January 2026 without a warrant, detained, and transferred to ICE Baltimore Field Office, where he was detained at the time he filed his habeas petition and motion for a TRO. At the hearing on Mr. Sanchez-Perez's TRO motion on January 12, 2026, counsel for the respondents proffered that, after Mr. Sanchez-Perez's arrest, an administrative warrant and notice to appear issued and removal proceedings were initiated. I entered the TRO upon finding a likelihood that Mr. Sanchez-Perez would succeed on the merits of his due process claim and a likelihood of irreparable harm based on the deprivation of the petitioner's liberty and his family's loss of his personal and financial support. Regarding Mr. Sanchez-Perez's due process claim, I found it likely that he would prevail in establishing that he was subject to discretionary detention under 8 U.S.C. § 1226(a) rather than mandatory detention under § 1225(b), as argued by the respondents, and that Mr. Sanchez-Perez was entitled at least to a bond hearing. In addition, I found that the balance of equities and public interest favored limited preliminary relief. I rejected the respondents' arguments that the Court lacked subject-matter jurisdiction over the petition.

In *Villanueva Funes*, Judge Chuang granted the habeas petition and ordered the respondents to arrange for the petitioner to receive a bond hearing before an immigration judge and to release the petitioner if he did not receive a bond hearing within 14 days. *See* Civ. No. TDC-25-3860, ECF Nos. 13 & 14. The court found that (1) Mr. Villanueva Funes, a citizen and national of El Salvador, had been living in the United States for more than 20 years; (2) he had no prior arrests or criminal convictions at the time of his ICE arrest; and (3) he was arrested by ICE in November 2025 without a warrant, detained, and transferred to ICE Baltimore Field Office, where he was detained at the time he filed his habeas petition. Civ. No. TDC-25-3860, ECF No. 13 at 2. Respondents asserted that Mr. Villanueva Funes was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) because he was an inadmissible alien, and that the Court lacked jurisdiction to review his detention based on 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9). *Id.* at 8. In his petition, Mr. Villanueva Funes argued that he was instead subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), which entitled him to a bond hearing, and that his detention without a bond hearing violated his Fifth Amendment right to due process. *Id.* at 8–9. Judge Chuang rejected the respondents' jurisdictional arguments, *id.* at 3–8, and found that Mr. Villanueva Funes was not subject to mandatory detention under § 1225(b), that he could only be lawfully detained under § 1226(a), and that the respondents' detention of him without a bond hearing violated his due process rights, *id.* at 8–9.

I conclude from the parties' joint stipulation comparing the instant case to *Sanchez-Perez* and *Villanueva Funes* that there is no dispute Petitioner in the instant case has been living in the United States for several years, he was recently arrested by ICE and detained without a bond hearing, and an administrative warrant and notice to appear have issued, initiating removal proceedings. Based on these facts, this Court finds that it has subject-matter jurisdiction over the

3

petition under 28 U.S.C. §§ 1331 and 2241, and further finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The petition for a writ of habeas corpus is GRANTED IN PART;

2. As a noncitizen who has been arrested and detained pending a decision on whether he is to be removed from the United States pursuant to 8 U.S.C. § 1226(a), Petitioner is entitled to, and shall request, a bond hearing pursuant to the regulations provided at 8 C.F.R. §§ 236.1(d), 1003.19 & 1236.1(d);

3. The bond hearing shall occur within ten days of Petitioner's request and shall be conducted pursuant to 8 U.S.C. § 1226(a) in an immigration court with jurisdiction and administrative control over Petitioner's detention as of January 22, 2026;

4. Reasonable conditions of release may be imposed if bond is granted and Petitioner is released;

5. If Petitioner does not receive a bond hearing within ten days of his request, he shall be released, subject to reasonable conditions, including the requirement that he appear at a bond hearing before an immigration court with jurisdiction and administrative control over Petitioner's detention;

6. This Court shall retain jurisdiction of this matter to enforce compliance with this Order;

7. The parties shall file a joint status report no later than **February 12, 2026.**

It is so ORDERED this 22nd day of January, 2026.

Matthew J. Maddox
United States District Judge